UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 815-3 |
| | ) | Judge Rebecca Pallmeyer |
| ALAN GUZZINO | ) | |

### PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a)  On December 7, 2007, a superseding information was filed charging defendant Alan Guzzino, and others, with mail fraud involving the deprivation of the intangible right to honest services of public officials, in violation of Title 18, United States Code, Sections 1341 and 1346 (Count Three);

(b)  The superseding information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c)  On January 7, 2008 defendant Alan Guzzino entered a voluntary plea of guilty to Count Three, thereby making the property named in the superseding information subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(d)  Defendant Alan Guzzino is scheduled to be sentenced May 16, 2008. The government will request that this Court determine the amount subject to forfeiture at the time of the defendant's sentencing;

(e)     As a result of the fraudulent scheme involving defendant, defendant and his business received improper payments from the Village of Bolingbrook in the amount of $180,000, of which defendant kept approximately $55,000 for himself and his business, while paying $125,000 to Village of Bolingbrook employees – co-defendant Donald Ralls and co-defendant John Schwab – in the form of merchandise, cash payments and services. At the time of sentencing, the United States intends to request that this Court enter a forfeiture judgement against defendant Alan Guzzino in the amount of at least $180,000 because this amount represents funds constituted, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the defendant's violation of 18 U.S.C. § 1341, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which states in part:

> (a)(1)   The following property is subject to forfeiture to the United States:
>
> (C)     Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of...any offense constituting "specified unlawful activity"..or conspiracy to commit such offense.
>
> 2461(c)   If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in section 413 of the Controlled Substances Act 21 U.S.C. 853),other than subsection (d) of that section.

(f)  If any of the funds in the amount of $180,000, as result of any act or omission on the part of defendant Alan Guzzino:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant Alan Guzzino up to the value of the money judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, in order to satisfy the judgment entered by the Court.

(g)  Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), the United States seeks forfeiture of all right, title, and interest that defendant Alan Guzzino may have in the foregoing funds in the amount of $180,000, so that the funds may be disposed of according to law;

(h)  The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant Alan Guzzino and included in any judgment and commitment order entered in this case against him.

(j)  The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant Alan Guzzino and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.  That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461(c), and Fed. R. Crim P. 32.2, all right, title, and interest of defendant Alan Guzzino in funds in the amount of $ _180,000.00_ is hereby forfeited to the United States of America for disposition according to law;

2.  That, the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant Alan Guzzino and included in any judgment and commitment order entered in this case against him;

3.  This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*[signature]*
REBECCA PALLMEYER
United States District Court

DATED: 4/7/08