AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

　　　　　Northern　　　　　District of　　　　　Illinois

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| Alan Guzzino | Case Number:　　07 CR 815-3 |
| | USM Number:　　18867-424 |
| | Ralph E. Meczyk |
| | Defendant's Attorney |

**THE DEFENDANT:**

x pleaded guilty to count(s)　　3s

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§1341 and | Mail Fraud | 7/14/2003 | 3s |

　　The defendant is sentenced as provided in pages 2 through　　10　　of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

x Count(s)　　1, 1s, 3　　☐ is　　x are dismissed on the motion of the United States.

　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 11, 2008
Date of Imposition of Judgment

*/s/ Rebecca R. Pallmeyer*
Signature of Judge

Rebecca R. Pallmeyer, U. S. District Judge
Name and Title of Judge

Aug 12, 2008
Date

FILED
2008 AUG 13 PM 5:37
U.S. DISTRICT COURT

AO 245B　　(Rev. 06/05) Judgment in Criminal Case
　　　　　　Sheet 2 — Imprisonment

Judgment — Page __2__ of __10__

DEFENDANT:　　　GUZZINO, Alan
CASE NUMBER:　　07 CR 815-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Seventeen (17) months. Costs waived.

X　The court makes the following recommendations to the Bureau of Prisons:
　　Defendant be placed at the Oxford, WI facility.

☐　The defendant is remanded to the custody of the United States Marshal.

☐　The defendant shall surrender to the United States Marshal for this district:

　　☐　a _____　☐ a.m.　☐ p.m.　on _____ .

　　☐　as notified by the United States Marshal.

X　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　X　before 2 p.m.　9/2/2008 .

　　☐　as notified by the United States Marshal.

　　☐　as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered _____ to _____
at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page 3 of 10

DEFENDANT: GUZZINO, Alan
CASE NUMBER: 07 CR 815-3

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Two (2) Years. Defendant to pay costs of supervision.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page __4__ of __10__

DEFENDANT:       GUZZINO, Alan
CASE NUMBER:     07 CR 815-3

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and random drug tests thereafter, conducted by the U.S. Probation Office, not to exceed 104 tests per year.

The defendant shall complete 100 hours of community service.

The defendant shall participate in a mental health treatment program at the direction of the probation officer.

The defendant shall pay any financial penalty imposed by this judgment and remains unpaid at the commence of supervised release. The defendant's monthly payment schedule shall be an amount equal to 10 percent of his net monthly income.

The defendant shall turn over non-exempt assets for restitution.

DEFENDANT: GUZZINO, Alan
CASE NUMBER: 07 CR 815-3

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**  | **Restitution** |
|--------|----------------|-----------|-----------------|
| TOTALS | $ 100          | $ 10,000  | $ 180,000       |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Village of Bolingbrook<br>375 West Briarcliff Road<br>Bolingbrook, Illinois 60440 | | 180,000 | 100% |

TOTALS          $ _____0_____          $ _____180000_____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments
Case 1:07-cr-00815    Document 128    Filed 07/11/2008    Page 6 of 11

|  |  |
|---|---|
| DEFENDANT: GUZZINO, Alan | Judgment — Page 6 of 10 |
| CASE NUMBER: 07 CR 815-3 |  |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☒  Lump sum payment of $ __190,100__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    John Schwab, 07 CR 815-1, $180,000

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CR 815 - 3 | **DATE** | 4/7/2008 |
| **CASE TITLE** | USA vs. Alan Guzzino | | |

**DOCKET ENTRY TEXT**

Enter corrected Preliminary Order Of Forfeiture.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 07 CR 815-3 |
| ) | Judge Rebecca Pallmeyer |
| ALAN GUZZINO ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On December 7, 2007, a superseding information was filed charging defendant Alan Guzzino, and others, with mail fraud involving the deprivation of the intangible right to honest services of public officials, in violation of Title 18, United States Code, Sections 1341 and 1346 (Count Three);

(b) The superseding information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c) On January 7, 2008 defendant Alan Guzzino entered a voluntary plea of guilty to Count Three, thereby making the property named in the superseding information subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(d) Defendant Alan Guzzino is scheduled to be sentenced May 16, 2008. The government will request that this Court determine the amount subject to forfeiture at the time of the defendant's sentencing;

(e) As a result of the fraudulent scheme involving defendant, defendant and his business received improper payments from the Village of Bolingbrook in the amount of $180,000, of which defendant kept approximately $55,000 for himself and his business, while paying $125,000 to Village of Bolingbrook employees – co-defendant Donald Ralls and co-defendant John Schwab – in the form of merchandise, cash payments and services. At the time of sentencing, the United States intends to request that this Court enter a forfeiture judgement against defendant Alan Guzzino in the amount of at least $180,000 because this amount represents funds constituted, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the defendant's violation of 18 U.S.C. § 1341, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which states in part:

(a)(1) The following property is subject to forfeiture to the United States:

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of...any offense constituting "specified unlawful activity"..or conspiracy to commit such offense.

2461(c) If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in section 413 of the Controlled Substances Act 21 U.S.C. 853),other than subsection (d) of that section.

(f)     If any of the funds in the amount of $180,000, as result of any act or omission on the part of defendant Alan Guzzino:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant Alan Guzzino up to the value of the money judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, in order to satisfy the judgment entered by the Court.

(g)     Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), the United States seeks forfeiture of all right, title, and interest that defendant Alan Guzzino may have in the foregoing funds in the amount of $180,000, so that the funds may be disposed of according to law;

(h)     The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant Alan Guzzino and included in any judgment and commitment order entered in this case against him.

(j)     The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant Alan Guzzino and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.     That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461(c), and Fed. R. Crim P. 32.2, all right, title, and interest of defendant Alan Guzzino in funds in the amount of $ _180,000.00_ is hereby forfeited to the United States of America for disposition according to law;

2.   That, the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant Alan Guzzino and included in any judgment and commitment order entered in this case against him;

3.   This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

REBECCA PALLMEYER
United States District Court

DATED: 4/7/08